CHARLES A. STALLING, RESPONDENT, v. JOSIAH L. FERRIN, APPELLANT.

WATER RIGHTS.—ABANDONMENT OF DITCH.—FAILURE TO REPAIR.—
Where appellant had once had a ditch across certain land, then government land, but had made no use of or any repairs upon the ditch since 1882, and in 1883 the ditch had been filled up by the respondent, with appellant's knowledge and consent, who thereby abandoned the ditch, and in 1890 appellant entered upon the respondent's land, whose grantor had acquired the title from the government after 1883; held, in a suit for damages for the trespass, and for a permanent injunction against appellant, that he had no right of way for his ditch across defendant's land.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Miller and Maginnis*, for the appellant.

*Messrs. Kimball and Allison*, for the respondent.

ANDERSON, J.:

This is an action brought by plaintiff to recover damages for an alleged trespass by defendants in cutting a water-ditch across plaintiff's land, and to restrain the defendants from maintaining the ditch, and continuing the alleged trespass. The cause was referred to a referee to try all the issues in the action, both of law and of fact, and report his conclusions of law and judgment thereon. The referee heard the case, and made his report, in which he found the issues in favor of the plaintiff and against the defendant Josiah L. Ferrin, and that plaintiff was entitled to a judgment of six cents damages, and to a perpetual injunction against said defendant, restraining him from maintaining the ditch across the lands of plaintiff, and from conducting water across said land. The referee further reported that there was no cause of action against the defendant Josiah M. Ferrin. The district court confirmed the report of the referee, and entered judgment accordingly for damages in favor of plaintiff, and forever enjoining the defendant Josiah L. Ferrin from maintaining a water-ditch across the lands of plaintiff. There was a motion for a new trial by the defendant Josiah L. Ferrin, which was overruled, and he brings this appeal from the order overruling the motion for a new trial and from the judgment.

It is contended by counsel for appellant that the findings of facts are unsupported by the evidence. We have carefully read the evidence, which was mostly the oral testimony of witnesses given at the hearing, and is as conflicting as is usual in this class of cases. There being a substantial conflict in the testimony, it is a well-settled rule of this court that it will not set aside the findings as unsupported by the evidence. But counsel for appellant contend that the findings of fact do not support the conclusions of law and judgment. The referee found

that the defendant Josiah M. Ferrin, about April 1,
1880, and prior to the commencement of this action,
sold his land adjoining the plaintiff's land on the south,
together with the ditch situated on plaintiff's land, and
the water-right connected therewith, to the defendant
Josiah L. Ferrin for a valuable consideration, and that
Josiah L. Ferrin went into possession of the same, but
that the deed of conveyance was not made until the day
of trial, after plaintiff had closed his case. The thir-
teenth and fourteenth findings of fact are as follows:
" *Thirteenth.* That the defendants, nor either of them,
nor those of whom they purchased, have had possession or
use of said water-ditch hereinbefore referred to for a
period of twenty years, or for any other period of time,
except that the defendant Josiah M. Ferrin used said
ditch some time between 1864 and 1867, and again some
time between 1871 and 1875, and again during the irri-
gating seasons of 1882 and 1883, but no repairs have
taken place on such ditch since 1882. *Fourteenth.* That
neither of the defendants, nor those through whom they
claim, have for more than twenty years last past, or at
any time, owned or been in the peaceable or actual or con-
tinuous possession of the ditch hereinbefore described, or
of the right of way across plaintiff's land hereinbefore
described for said or any ditch on said land for
twenty years, or for any other period, except as above
stated."

The evidence showed that prior to 1883 plaintiff's land
was government land, and that between May and October,
1883, one Warden, plaintiff's grantor, entered the land
as a homestead, under the land laws of the United States,
and received a patent therefor in August, 1889. That
Warden and those under whom he claimed had had pos-
session of the land for some years before he entered it
as a homestead. Warden testified that he was living on

the land in 1882 and 1883, and for several years prior thereto, and that the ditch was used by Josiah M. Ferrin during the irrigating seasons of 1882 and 1883. That in the fall of 1883 he complained to Josiah M. Ferrin that the ditch made his land wet and swampy, and asked him to bridge the ditch, which Ferrin refused to do; and that Ferrin then said that if the ditch made Warden's land wet and swampy he did not want the ditch any more; that he was going to use his land for grazing, and did not need the ditch; and that he, Warden, then plowed and filled up the ditch, and sowed it in grass, and that there was no ditch there from that time until the spring of 1890, shortly before this suit was begun, when the defendant, Josiah L. Ferrin, went upon plaintiff's land and again opened up the ditch. This testimony was disputed by Josiah M. Ferrin, who was a witness for the defendant.

The referee must necessarily have found that the defendant Josiah M. Ferrin voluntarily surrendered and abandoned whatever right he may have had to any ditch across the land in question in the fall of 1883, and that, as Warden entered the land between May and October, 1883, there could be no appropriation of the water or right of way for the ditch across plaintiff's land without his consent, or that of his grantors. The entry of the land by plaintiff was an appropriation of not only the land, but of the water; and any person entering upon the land thereafter became a trespasser. *Sturr* v. *Beck,* 133 U. S. 541, 10 Sup. Ct. Rep. 350. A party holding or claiming an easement in or to real estate may divest himself of the same by a declaration of an intention to no longer use or claim the same, where parties act on such declaration as well as by non-user for the statutory period of seven years. The referee found that no repairs had been made on the ditch since 1882, a period of more

than seven years before this suit was begun, and more than seven years prior to the cutting the ditch in the spring of 1890. Section 2783, 2 Comp. Laws 1888, provides that "a continuous neglect to keep in repair any means of diverting or conveying water, or a continuous failure to use any right to water for a period of seven years at any time after the passage of this act, shall be held to be abandonment and forfeiture of such right."

The plaintiff purchased the land in 1887, several years after Ferrin had declared his intention of not using the ditch any more, and four years after plaintiff's grantor, to whom the declaration was made, had filled up the ditch, and sowed it in grass with the knowledge of Ferrin, and without objection from him, and without any effort on his part to open or use the ditch until the spring of 1890. We think that, even if the defendant had a right of way across plaintiff's land in 1883, yet his declaration of intention to no longer use the ditch, and his implied consent for Warden to fill it up and keep it filled, and plaintiff having bought when there was no ditch there, and without notice of any claim of a right of way across the land for a ditch, we think defendant cannot now assert such right against him. We find no error in the record, and the judgment of the district court is affirmed.

ZANE, C. J., and BLACKBURN, J., concurred.